11-3451                                                                    BIA
Obando-Flores v. Holder                                              Straus, IJ
A076 817 577

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of September, two thousand twelve.

PRESENT:
    JOSEPH M. McLAUGHLIN,
    DEBRA ANN LIVINGSTON,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

GERONIMO GONZALO OBANDO-FLORES,
        *Petitioner,*

        v.                                          11-3451
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:      Elyssa N. Williams, Formica
                      Williams, P.C., New Haven, CT.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant
                      Attorney General; Richard M. Evans,
                      Assistant Director; Allen W.
                      Hausman, Senior Litigation Counsel,
                      Office of Immigration Litigation,
                      United States Department of Justice,
                      Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Geronimo Gonzalo Obando-Flores, a native and citizen of Nicaragua, seeks review of a July 29, 2011, order of the BIA affirming the June 29, 2009, decision of Immigration Judge ("IJ") Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Obando-Flores*, No. A076 817 577 (B.I.A. July 29, 2011), *aff'g* No. A076 817 577 (Immig. Ct. Hartford, June 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B), (D); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Wu Zheng Huang v. INS*, 436 F.3d 89, 96 (2d Cir. 2006).

The regulations require IJs to exercise the Attorney General's discretion to deny asylum to applicants who establish eligibility based solely on past persecution when

2

the government establishes a fundamental change in circumstances sufficient to rebut the presumption of well-founded fear. 8 C.F.R. § 1208.13(b)(1). In this case, the record supports the agency's finding that there has been a change in country conditions in Nicaragua sufficient to rebut the presumption of a well-founded fear of future persecution.

Obando-Flores was persecuted by members of the Sandinista Liberation Front in the 1980s based on his support, and the support of his family members, for the Contras during the civil war in Nicaragua. He left Nicaragua, but returned when the Sandinistas were no longer in power, in 1990, and remained in Nicaragua without any further problems from 1990 to 1998, and again from 2004 until 2007. While Daniel Ortega, of the Sandinista party, is now president of Nicaragua, as the BIA noted, the 2008 United States Department of State report indicates that "[t]here were no reports of political violence against citizens returning from civil-war-era self-imposed exile." Furthermore, Ortega was sworn in as president in January 2007, and Obando-Flores remained in Nicaragua until December 2007 without incident. Accordingly, substantial evidence supports the agency's finding that there has been a fundamental change in circumstances in Nicaragua, rebutting

3

the presumption that Obando-Flores has a well-founded fear of future persecution. *See Islami v. Gonzales*, 412 F.3d 391, 397-98 (2d Cir. 2005).

Moreover, because Obando-Flores's CAT claim is based on the same factual predicate as his asylum claim, he cannot show that it is more likely than not that he will be tortured in Nicaragua by the Sandinistas. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

In certain circumstances, an IJ may grant humanitarian asylum to an applicant who has established past persecution but not a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Because the grant of humanitarian asylum in the absence of a well-founded fear of persecution is discretionary, we review the decision for abuse of discretion, and for whether the decision was "manifestly contrary to the law." 8 U.S.C. § 1252(b)(4)(D); *see Wu Zheng Huang*, 436 F.3d at 96-97 & n.9. Humanitarian asylum has been reserved for applicants who have suffered "atrocious forms of persecution," *Matter of Chen*, 20 I. & N. Dec. 16, 19 (BIA 1989), or who may suffer "other serious harm upon removal to that country," 8 C.F.R. § 1208.13(b)(1)(iii); *see Matter of L-S-*, 25 I. & N. Dec. 705, 713-14 (BIA 2012).

The agency did not abuse its discretion in finding that the persecution suffered by Obando-Flores in the 1980s was not so severe as to merit a grant of humanitarian asylum. *See* 8 U.S.C. § 1252(b)(4)(D); *Hoxhallari v. Gonzales,* 468 F.3d 179, 184 (2d Cir. 2006) (upholding the denial of humanitarian asylum to a supporter of the Albanian Democratic Party who had been beaten and harassed on six occasions); *Wu Zheng Huang*, 436 F.3d at 96-97. Moreover, because Obando-Flores alleged only a fear of harm at the hands of the Sandinistas, he made no showing that there was a reasonable possibility that he would suffer other serious harm upon return to Nicaragua. *See Matter of L-S-*, 25 I. & N. Dec. at 715.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5